UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ORLANDO FIELDS, # 263062, )
)
    Plaintiff, )
)
v. ) No. 2:15-CV-110-RLJ
)
DERRICK SCHOFIELD, JASON )
WOODALL, TONY PARKER, GERALD )
MCALLISTER, CENTURIAN )
MANAGED CARE OF TENN., )
GEORGIA CROWELL, BENNY )
TOWNSEND, and BILL HASLAM, )
)
    Defendants. )

**MEMORANDUM AND ORDER**

This pro se prisoner's civil rights action for injunctive and declaratory relief pursuant to 42 U.S.C. §1983, was severed from the cases of multiple other prisoners at the Northeast Correctional Complex ("NECX") who filed an original complaint and proposed class action lawsuit in *Montague v. Schofield*, No. 2:14-CV-292 (E.D. Tenn. Sept. 25, 2014) [Doc. 1]. After denying class action status and engaging in a comprehensive screening of the complaint to determine whether the proposed lead plaintiff, Charles Montague, had stated viable § 1983 claims[1] the Court granted all other NECX plaintiffs leave to file an amended complaint correcting the deficiencies cited in the screening order [Doc. 4 at 8].

In its screening order, the Court unequivocally instructed that any amended pleading should "allege[] how the events or conditions set forth in the complaint have violated that specific plaintiff's constitutional rights" [*Id.*]. Thus, Plaintiff was advised as to what aspect of the original

---

[1] Section 1915A of Title 28 applies to prisoner lawsuits and "provides a screening process to separate cognizable claims from those lacking merit." 28 U.S.C. § 1915A(b).

complaint had been held to be defective as to him and as to what facts, if alleged by him, would cure those deficiencies.

In response to the screening order, Plaintiff filed two documents: (1) a "Verified Civil Rights Complaint Under 42 U.S.C. § 1983 and Affidavit in Support to Show Why Leave to Supplement the Complaint Should be Granted" [Doc. 7], and (2) what is deemed to be a motion for "Leave to File Supplemental Complaint," under Federal Rules of Civil Procedure 15(a), (d) and 18(a) [Doc. 7 -1]. In the latter document, which is unsigned, Plaintiff indicates that that he is seeking leave to file "Amended & supplemental complaint to add parties, issues, allegations and additional facts," premised on Rule 18(a), which he views as allowing him "to bring Multiple even unrelated claims against the same Defendants"[2] [Doc. 7-1 at 1]. The Court understands that Plaintiff wishes to have his submission treated as a combined amended complaint and a supplemental complaint. The Court declines his implicit invitation to read his submission as such.

"An amended complaint sometimes can be filed 'as a matter of course,' Fed. R. Civ. P. 15(a); a supplemental complaint cannot." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008); *see* Fed. R. Civ. P. 15(d) ("The court *may permit* supplementation even though the original pleading is defective in stating a claim or defense.") (italics added). Thus, even if Plaintiff's motion for leave to supplement were properly signed, the Court would exercise its discretion to deny it. Indeed, the pleading itself was entered on the docket in this case as an amended complaint [Doc. 7]; that is what the Court deems Plaintiff's filing to be; and that is how the Court will review this submission.

---

[2] Rule 18(a) allows a party to join as many claims as it has against an opposing party. Rule 18(b) permits new defendants to be added when the new defendant was not named originally because of a mistake and when the new defendant had notice of the lawsuit itself and that it was not named because of a plaintiff's mistake. However, after the statute of limitations has run in a case, whether the complaint may be modified to add new claims and defendants typically is governed by the "relation back" principle in Rule 15(c).

Upon a review of the amended complaint and other docketed submissions, as well as the relevant law, the Court ultimately concludes that the instant action is moot. Hence, the Court will dismiss this case.

The amended complaint advances an array of new claims against a host of new defendants. The claims are anchored to different federal statutes and supported by novel legal theories. The complaint alleged claims against eight defendants, including Derrick Schofield, Jason Woodall, Tony Parker, Gerald McAllister, Benny Townsend, Governor Bill Haslam, Centurion Managed Care of Tennessee, and Georgia Crowell. All Defendants explicitly were sued in their official capacities [Doc. 1 at 4-5 (Schofield), at 6 (McAllister), at 7 (Townsend and Parker), at 8 ("All herein defendants . . . are sued in their official capacity (sic)")]. The only remedies sought in the complaint, as noted, were injunctive and declaratory relief [*Id.* at 34-37].

In the amended complaint, seven of the eight original Defendants now are sued in their individual capacities, and Plaintiff adds a request for an award of damages against them in their individual capacities [Doc. 7 at 3-8]. Similarly, the amended complaint proposes to add thirty-six new Defendants, to sue them in both their individual and official capacities, and to seek compensatory and punitive damages against them as well[3] [*Id.* at 1, 3-14].

An amendment that "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading" relates back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) determines whether an amended complaint "relates back" to the date of a timely filed original complaint and is therefore timely,

---

[3] Plaintiff states that he is suing all original and newly-proposed Defendants in their "corporate" capacities. The Court interprets the corporate-capacity designation of Defendants as an indication that Plaintiff intended to sue them in their official capacities.

even if the amendment is filed after the lapse of the statute of limitations.[4] *See* Advisory Committee's 1966 Notes on Fed. R. Civ. P. 15 ("Relation back is intimately connected with the policy of the statute of limitations.").

The Rule also provides that a change in a defendant or the naming of a defendant relates back to the original complaint under three circumstances: 1) The claim against the new party must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and, within the time period allotted in Rule 4(m) for service of process, generally 90 days, the new party 2) has " received such notice of the action that it will not be prejudiced in defending on the merits" and 3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B), (C).

Assertions against Defendants who are newly named in the amended complaint arise out of alleged acts of discrimination, retaliation, and harassment; a transfer to a different housing unit; and restraints on Plaintiff's liberties that occurred during the years 2013-2015. None of these claims were made out in the original complaint. Put simply, no aspect of the newly asserted claims "arises out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Therefore, these new claims against the new Defendants are outside the scope of the permitted amended complaint and do not relate back to the timely filed claims in the original complaint.

---

[4] The one-year statute of limitations period contained in Tennessee Code Annotated § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a).").

In addition, Defendants Schofield, Woodall, Parker, McAllister, Townsend, and Crowell, according to the original complaint, are officials or employees of the Tennessee Department of Correction ("TDOC"), an agency of the State of Tennessee, and Defendant Haslam is the Tennessee Governor [Doc. 1 at 5-8]. Defendant Centurion is identified in the complaint as a private corporation under contract with TDOC to provide medical care to prisoners in the Northeast Correctional Complex [*Id.* at 8].

In his amended pleading, Plaintiff maintains that he is suing all original Defendants in their individual capacities.[5] Plaintiff, thereby, is seeking to alter the capacity in which the original Defendants were sued. The Court finds that none of the original Defendants received notice that they would be held liable for damages in their individual capacities and that they knew or should have known that Plaintiff would have brought his lawsuit against them, but for a mistake he made in these Defendants' identities. Thus, to the extent that Rule 18 of the Federal Rules of Civil Procedure applies under the circumstances in this case, it does not help Plaintiff in his quest for damages from those Defendants.

Moreover, though the Court permitted Plaintiff to amend his complaint, it did so only to allow him to show injury flowing from the claims of unconstitutional conditions made out in the original pleading against the Defendants named therein. The permitted amendment, thus, was to be narrowly tailored and was not to be used as a vehicle for adding all imaginable claims Plaintiff wished to bring and all Defendants he wished to sue. Furthermore, the original complaint sought only injunctive and declaratory relief.

---

[5] Liability of Defendant Centurion is determined under the standard set forth in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1988)). Under *Monell*, Plaintiff must show that Centurion's policy practice or custom has caused him to sustain a constitutional injury. *Id.* at 692-94.

Thus, Plaintiff's claims for monetary damages against the original Defendants and the newly proposed Defendants are **DISMISSED** because they are not in compliance with the screening order and because they are also untimely and are not saved by the relation-back doctrine in Rule 15(c).[6]

This leaves for resolution only Plaintiff's claims for injunctive and declaratory relief. In Plaintiff's amended complaint, he states that "the named Defendant[s] made every [c]onceivable [e]ffort possible to deter Plaintiff, from pursuing his grievances keeping him in segregation, *transferring him to another CCA facility*, finding reasons to keep Plaintiff in segregation at the new facility as well . . ." [Doc. 7 at 22 (italics added)]. The Court found significant Plaintiff's reference to a transfer to another facility because when a prisoner seeks injunctive relief in a prison-conditions claim arising under § 1983, those claims are rendered moot when the prisoner is no longer confined at the institution wherein those alleged conditions exist. *See, e.g., Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975), and *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu*, 87 F.3d at 175).

In general, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations omitted). The last filing Plaintiff submitted in this case indicated that he was then

---

[6] Section § 1983 requires a plaintiff to allege that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person while acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). But, state officials sued in their official capacities for monetary damages are not "persons" within the scope of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Also, such officials, when sued in their official capacities, are protected by Eleventh Amendment immunity. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Even if the claims for monetary damages were proper amendments and related back to the filing of the timely claims, the claims would be dismissed for failure to state a valid § 1983 claim and because Defendants are immune from such relief in their official capacities.

housed in the Trousdale Turner Correctional Center in Hartsville, Tennessee [Doc. 14, Notice, at 1], as did the return address on the face of the envelope containing that filing [Doc. 14 at 6]. Additionally, the Court's research reveals that, since filing that notice, Plaintiff was transferred from Trousdale Turner Correctional Center to the Hardeman County Correctional Complex in Whiteville, Tennessee, where he is presently housed. Available at https://apps.tn.gov/foil-app/results.jsp (last visited October 17, 2018).[7]

A federal court's jurisdiction extends only to "cases" or "controversies," *see* U.S. CONST. art. III, § 2, and such a controversy must remain "extant at all states of review, not merely at the time the complaint is filed." *United States v. Albaadani*, 863 F.3d 496, 502 (6th Cir. 2017) (citations and internal quotation marks omitted). When a plaintiff ceases to have "a legally cognizable interest in the outcome" of the litigation, there is no longer a case or controversy, and the lawsuit becomes moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721, 723, 184 L. Ed. 2d 553 (2013).

Because Plaintiff is no longer incarcerated at NECX and because he seeks injunctive relief from the alleged wrongful conditions at that facility, he would derive no benefit from the issuance of an injunction addressing those conditions. Therefore, all Plaintiff's claims for such relief are now moot and subject to summary dismissal. They are **DISMISSED**.

The same is true of Plaintiff's request for declaratory relief. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993) (finding that inmate's request for a declaration that prison officials violated his constitutional rights by opening his privileged mail outside his presence and reading it in his presence was rendered moot by inmate's release from prison). All such claims are

---

[7] Pursuant to Federal Rules of Evidence 201(c), a court may take judicial notice of the information provided on the Bureau of Prison's Inmate Locator Service. *See, e.g., Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009). Here, the Court finds it fitting to take judicial notice of the data regarding the location of the prison wherein Plaintiff is confined as obtained from TDOC's Felony Offender Information.

**DISMISSED**.

Accordingly, because all outstanding claims for relief have been rendered moot, this action will be **DISMISSED** by separate judgment for lack of Article III jurisdiction over it. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (holding that where "'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside our jurisdiction" (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotation marks omitted)).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge